UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERVANDO ALONSO FLORES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>　　　　　　　Respondent. | Case No. C20-0538-MJP-MAT<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

This is a 28 U.S.C. § 2241 habeas action.  Currently before the Court is petitioner's motion to appoint counsel.  (Dkt. 7.)  Petitioner argues that he cannot afford an attorney, knows nothing about the law, and has been detained since December 2016.  (*Id.* at 2.)

There is no constitutional right to appointment of counsel in § 2241 habeas actions; however, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygardt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

ORDER DENYING MOTION TO
APPOINT COUNSEL - 1

Petitioner initiated this action to obtain release from immigration detention or a bond hearing. The Supreme Court has held that the statute under which petitioner is being held, 8 U.S.C. § 1226(c), mandates detention. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Thus, there is no likelihood petitioner is entitled to release. Judges in this and other districts have recognized that "unreasonably prolonged detention under § 1226(c) without a bond hearing violates due process." *Martinez v. Clark*, No. 18-1669, 2019 WL 5968089, at *7 (W.D. Wash. May 24, 2019) (collecting cases), *Report and Recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). Petitioner, however, has already received a bond hearing. To the extent he believes he should receive an additional bond hearing, he may explain why to the Court in response to the Government's pending motion to dismiss. The is no evidence in the record suggesting petitioner will be unable to present his reasons to the Court despite his lack of legal experience, knowledge, or training. Having considered the complexity of the legal issues involved, petitioner's likelihood of success, and petitioner's ability to articulate his claims *pro se*, the Court concludes that the interests of justice do not require the appointment of counsel.

Accordingly, petitioner's motion to appoint counsel (Dkt. 7) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Marsha J. Pechman.

Dated this <u>28th</u> day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION TO
APPOINT COUNSEL - 2