UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERVANDO ALONSO FLORES,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>Respondent. | CASE NO. C20-538 MJP<br><br>ORDER DISMISSING PETITION AS MOOT |

Petitioner initiated this habeas action under 28 U.S.C. § 2241 to obtain release from detention at the Northwest ICE Processing Center or a bond hearing. (Dkt. No. 1-1.) After Magistrate Judge Theiler prepared a Report and Recommendation (Dkt. No. 16), Respondent filed a notice that Mr. Flores has been removed from the United States (Dkt. No. 18). Respondent requests the Court dismiss the petition as moot. (Dkt. No. 18 at 3.)

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . .

there must be some remaining 'collateral consequence' that may be redressed by success on the petition." <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition challenges only the length of his detention at the Northwest ICE Processing Center, his claims were fully resolved by release from custody. <u>See</u> <u>id.</u> at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas petition must be dismissed as moot. <u>See</u> <u>id.</u>

The Court DISMISSES Petitioner's habeas petition as MOOT.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2020.

Marsha J. Pechman
United States District Judge

ORDER DISMISSING PETITION AS MOOT - 2